IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANTONIO ROBINSON, | * | |
| | * | CASE NO. 4:06-CV-27 (CDL) |
| Petitioner, | * | |
| VS. | * | HABEAS CORPUS |
| | * | 28 U.S.C. § 2254 |
| WARDEN BENTON and | * | |
| HILTON HALL, | * | |
| | * | |
| Respondents. | * | |

## REPORT AND RECOMMENDATION

Petitioner, **ANTONIO ROBINSON**, has petitioned this court to allow him to proceed *in forma pauperis* in the above-styled habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. His affidavit submitted in support of his request to proceed *in forma pauperis* is sufficient on its face to allow him to so proceed. Accordingly, the petitioner's application to proceed *in forma pauperis* is hereby **GRANTED.**

Petitioner's application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts. After preliminary examination, it appears that the current § 2254 application is successive.

### Review of Petitioner's Procedural History

A review of Petitioner's previous filings reveals that the current § 2254 application is Petitioner's third attempt at federal habeas relief. In his first § 2254 application filed in this court on June 28, 2002, Case Number 4: 02-CV-101, the court found that Petitioner's

application was time-barred, as he failed to file his federal habeas petition within the one-year AEDPA statute of limitations. Petitioner's request for a certificate of appealability was denied by this court and the Eleventh Circuit Court of Appeals. Thereafter, on June 11, 2003, Petitioner filed a second § 2254 petition, Case Number 4:03-CV-89, in this court. The court again found that Petitioner's application was time barred. Petitioner's request for a certificate of appealability was again denied by this court and the Eleventh Circuit Court of Appeals.

Petitioner's record reveals that he pled guilty in Muscogee County Superior Court, to Three Counts of Armed Robbery and was sentenced to life imprisonment by that court on March 22, 1996. Petitioner filed no direct appeal of his guilty plea conviction and sentence. Petitioner then filed a State habeas corpus petition attacking his conviction in Lowndes County Superior court on an unspecified date, and the same was denied on March 23, 1998. Petitioner thereafter filed a State habeas corpus petition in the Lowndes County Superior Court and the same was denied on March 23, 1998. The Lowndes County court records showed that Petitioner filed no appeal from that adverse ruling. More than three years later, Petitioner filed another State habeas corpus action in Hancock County Superior Court on August 29, 2001, which was denied on November 21, 2001. During that 39-month period, the court found that Petitioner had no properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending, and the AEDPA one-year statute of limitations time period had run out. Thus, when Petitioner filed his first federal habeas petition, on June 28, 2002, his limitations period was expired. For

the same reason, Petitioner's second habeas petition filed on June 11, 2003, was also time barred.       Title 28, U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Therefore, this court is without jurisdiction to review Petitioner's § 2254 petition until such time as the Eleventh Circuit Court of Appeals grants his motion to file a second or successive petition.

Along with his current federal habeas petition, Petitioner filed a Motion for Appointment of Counsel and a Jury Trial Demand.  Pursuant to the foregoing recommendation, Petitioner's request for appointment of counsel and jury trial demand should be dismissed as moot.

THEREFORE, IT IS HEREBY RECOMMENDED that Petitioner's present action be DISMISSED for Petitioner to seek authorization to file this application in the District Court.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the United States District Judge WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 20th day of March, 2006.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE

sWe